

submits no case in point, but the state refutes the contention. It cites *State v. Jackson*, 500 S.W.2d 306[1] (Mo.App.1973) ruling on the cited statute and holding, as had been held in *State v. Goodman*, 425 S.W.2d 69[2] (Mo.1968), that assault on a prison guard "is unlike ordinary felonious assault in that intent to do great bodily harm need not be charged or proved."

Affirmed.

DOWD, P.J., and CRIST, J., concur.

He was sentenced to concurrent terms of five years' imprisonment. No jurisprudential purpose would be served by a written opinion. The judgment of the trial court is affirmed pursuant to Rule 30.25(b).

**STATE of Missouri, Respondent,**

v.

**Anthony PRIMM, Appellant.**

**No. 48796.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 13, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Application to Transfer Denied
May 29, 1985.

Henry B. Robertson, Public Defender, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before DOWD, CRIST and CRANDALL, JJ.

### ORDER

PER CURIAM:

Defendant, Anthony Primm, appeals from his convictions, after a jury trial of two counts of assault in the second degree.

**David BLISSENBACH and Luanna Blissenbach, Plaintiffs-Respondents,**

v.

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,
Defendant-Appellant.**

**No. 48846.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 13, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Application to Transfer Denied
May 29, 1985.

